OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 22, 2023
Date Decided: August 23, 2023

Jennifer August
2 Black Duck Reach
Rehoboth Beach, Delaware 19971

Aaron E. Mooore, Esquire
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, Delaware 19899

Re:    *August v. The Glade Property Owners Association, Inc., et al.*,
C.A. No. 2020-0834-BWD

Dear Counsel and Ms. August:

This Letter Order addresses Defendants' Exceptions to the Magistrate's Final Report of May 11, 2023 (the "Report"); Plaintiff Jennifer August's Exceptions to that Report and a second report have been addressed separately.[1] The Defendants are the homeowners association and a property management company associated with a housing development located across the Lewes-Rehoboth canal from Cape Henlopen State Park, known as "The Glade." In the Report, the Magistrate assessed the Defendants' Motions for Summary Judgment; she found that several of the Plaintiff's claims should be dismissed but denied summary judgment with respect to four causes of action.[2] The Magistrate noted that the state of the record and the

---

[1] *See* Letter Op., Dkt. No. 196.

[2] Master's Final Report 24 (May 11, 2023), Dkt. No. 159 ("The claims that survive for adjudication at trial are claims against the Association for violations of the DUCIOA or the Governing Documents premised on (1) the Association's failure to maintain common property;

issues presented were such that the interests of justice required consideration on a fuller record, after a trial.

This matter raises something of a conundrum, based upon the standard of review. In *Digiacobbe v. Sestak*,[3] our Supreme Court addressed the review of decisions of Magistrates—then denominated Masters in Chancery—on exceptions taken by litigants and referred to the Chancellor or a Vice Chancellor. The *DiGiacobbe* Court examined the role that Masters had historically played in Chancery jurisprudence, noted their substantial value to the litigation process, but also, and most pertinently, addressed the fact that the Masters, although performing judicial functions, were not judicial officers nominated by the Governor or confirmed by the Delaware Senate. As a result, the Supreme Court found that the traditional deference paid to a Master's findings of fact was unsupported, and that the review by a Chancellor or Vice Chancellor of the findings of the Master must be *de novo*, with respect to findings of fact as well as law.[4] Per Defendants here, therefore, when reviewing their Exceptions, I must put myself in the place of the Magistrate and review her decision to deny summary judgment, for the reasons cited,

---

(2) the Board's delegation of authority over the repaving project to the Roads Committee; (3) the Board's delegation of the Association's finances to SeaScape; and (4) the Association's purported failure to return common surplus funds and return reserve funds.").

[3] 743 A.2d 180, 181 (Del. 1999).

[4] *Id.* at 184.

*de novo*. If I would not have deferred judgment, in Defendants' view, I must grant the Exceptions. I disagree.

"There is no 'right' to summary judgment."[5] The Magistrate, when presented with a request to entertain summary judgment briefing, has the authority to deny the request, as part of her necessary control, as a judicial officer, of her docket. Should she grant such a request, she may, upon review of the record, grant the motion and enter a judgment. Such a decision, under *Digiacobbe,* is manifestly subject to *de novo* review.[6] But where, as here, the Magistrate defers judgment to a record to be created at trial, she has not made a finding of fact *or* law that determines a legal right. Just as with a decision to not permit a summary judgment motion, the Magistrate has merely exercised control over her docket, in the interest of efficiency and justice. Consequently, in such a case, there is nothing to review on exceptions.

Stated another way, any exceptions in this situation are unripe, and review would be advisory. The Magistrate has simply deferred a determination of whether a party is entitled to judgment until an appropriate record has been created.

Because I find that no review is available for the reasons above, the Defendants' Exceptions are DENIED. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

---

[5] *Ogus v. SportTechie, Inc.*, 2023 WL 2746333, at \*17 (Del. Ch. Apr. 3, 2023) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)).
[6] Although such a review may be deferred until after trial of remaining issues, if any.

3

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor